UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK OF NEW YORK
------------------------------------------------------------------- X

AMERICAN HONDA FINANCE CORPORATION and
HVT INC.,

                              Plaintiffs,

        -against-

CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------- X

**ANSWER**

Civil Action No.: 24-cv-1137

Defendant City of New York ("the City"), by its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, for its Answer to the Complaint ("Complaint") filed February 16, 2024, (ECF Dkt. No. 1), respectfully alleges as follows:

        1. Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that the New York City Department of Sanitation ("DSNY") administers a vehicle removal program whereby derelict and abandoned vehicles without license plates are removed from the City streets, and avers that such removal is authorized pursuant to state and local law and respectfully refers the Court to Rules of the City of New York ("RCNY") Title 16, § 1-05(J) ("Section 1-05(j)") and New York State Vehicle and Traffic Law Section 1224(2) ("Section 1224(2)) for their full text and true meaning.

        2. Denies the allegations set forth in Paragraph 2 of the Complaint, and avers that the removal of derelict and abandoned vehicles without license plates is authorized pursuant to state and local law, that pursuant to Section 1224(2) ownership of such vehicles vests immediately in the local authority with jurisdiction, and that private contractors or City employees

remove and dispose of such vehicles in the City, and respectfully refers the Court to Section 1-05(j) and Section 1224(2) for their full text and true meaning.

      3.      Denies the allegations set forth in Paragraph 3 of the Complaint, and avers that the removal of derelict and abandoned vehicles without license plates is authorized pursuant to state and local law, that pursuant to Section 1224(2) ownership of such vehicles vests immediately in the local authority with jurisdiction, and that private contractors remove and dispose of such vehicles in the City, and respectfully refers the Court to Section 1-05(j) and Section 1224(2) for their full text and true meaning.

      4.      Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that the City determined that the subject vehicles were derelict or abandoned without license plates, and avers that pursuant to Section 1224(2) ownership of those vehicles vested immediately in the City and that private contractor(s) removed and disposed of such vehicles, and respectfully refers the Court to Section 1-05(j) and Section 1224(2) for their full text and true meaning.

      5.      Denies the allegations set forth in Paragraph 5 of the Complaint, and avers that a warrant is not required when an abandoned or derelict vehicle without license plates is towed and disposed pursuant to DSNY's program, that pursuant to Section 1224(2) ownership of such vehicles vests immediately in the local authority with jurisdiction, and that private contractors remove and dispose of such vehicles in the City, and respectfully refers the Court to Section 1-05(j) and Section 1224(2) for their full text and true meaning.

      6.      Denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiffs seek to invoke the Court's jurisdiction as stated therein and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

7. Denies the allegations set forth in Paragraph 7 of the Complaint, except admits that Plaintiffs seek to lay venue as stated therein and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except denies that Plaintiff HVT or Honda Lease Trust is the titled owner of a derelict or abandoned vehicle without license plates removed from the City streets as pursuant to Section 1224(2) ownership of such vehicles vests immediately in the local authority with jurisdiction, and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

10. Admits the allegations set forth in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations set forth in Paragraph 15 of the Complaint, and avers that pursuant to Section 1224(2), ownership of abandoned or derelict vehicles without license

plates vests immediately in the local authority with jurisdiction and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, except denies that Plaintiff HVT or Honda Lease Trust is the titled owner of a derelict or abandoned vehicle without license plates removed from the City streets as pursuant to Section 1224(2) ownership of such vehicles vests immediately in the local authority with jurisdiction, and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that pursuant to Section 1224(2), the City, as the titled owner, instructed a private contractor to remove and dispose the ten derelict and abandoned vehicles.

20. Denies the allegations set forth in Paragraph 20 of the Complaint, and respectfully refers the Court to Plaintiffs' Exhibit B for its full text and true meaning.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint, except admits that the City did not provide notice to Plaintiffs, nor is it required to, of its private contractor's removal of derelict or abandoned vehicles without license plates from the City streets *before* they were removed and disposed of by the private contractor.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint, except admits, upon information and belief, that the subject vehicles, which were derelict, abandoned, and without license plates, were ultimately disposed of by a private contractor.

26. Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that the City did not provide an evidentiary hearing, nor was it required to, relating to the removal or disposal of any abandoned or derelict vehicles without license plates at issue in this action.

27. Denies the allegations set forth in Paragraph 27 of the Complaint, except admits that the City did not obtain a warrant or other court order, nor was it required to, prior to its private contractor removing from the City streets any abandoned or derelict vehicles without license plates at issue in this action.

28. Denies the allegations set forth in Paragraph 28 of the Complaint, except admits that the City has not remitted any compensation to Plaintiffs, nor was it required to, in relation to any abandoned and derelict vehicles without license plates at issue in this action, and avers that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with jurisdiction, and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

29. Denies so much of the allegations set forth in Paragraph "29" of the Complaint to the extent Plaintiffs allege wrongdoing on behalf of Defendant and avers that any

abandoned or derelict vehicles without license plates at issue in this action were removed in accordance with applicable laws.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint, except admits that the City utilizes private contractors to remove and dispose of abandoned and derelict vehicles without license plates in accordance with Section 1-05(j) and Section 1224(2), and respectfully refers the Court to those sections for their full text and true meaning.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that the City utilizes private contractors to remove and dispose of derelict and abandoned vehicles without license plates from the City streets in accordance with Section 1-05(j) and Section 1224(2), and respectfully refers the Court to those sections for their full text and true meaning.

34. Denies the allegations set forth in Paragraph 34 of the Complaint, except admits that the City does not obtain a warrant, nor is it required to, in order to remove abandoned and derelict vehicles without license plates from the City streets and dispose of them.

35. Neither admits nor denies the allegations set forth in Paragraph 35 of the Complaint as they consist of legal arguments to which no response is required. To the extent the Court requires a response, denies the allegations.

36. Denies the allegations set forth in Paragraph 36 of the Complaint, except admits that the City did not provide an evidentiary hearing, nor was it required to, relating to the removal and/or disposal of any abandoned or derelict vehicles without license plates at issue in this action.

37. Neither admits nor denies the allegations set forth in Paragraph 37 of the Complaint as they consist of legal arguments to which no response is required. To the extent the Court requires a response, denies the allegations.

38. Denies the allegations set forth in Paragraph 38 of the Complaint, except admits that the City has not remitted any compensation to Plaintiffs, nor was it required to, in relation to any abandoned and derelict vehicles without license plates at issue in this action, and avers that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with jurisdiction, and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. In response to the allegations set forth in Paragraph 41 of the Complaint, Defendant repeats and realleges all of the proceeding paragraphs of this Answer as if fully set forth herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

45. Denies so much of the allegations set forth in Paragraph 45 of the Complaint to the extent Plaintiffs allege wrongdoing on behalf of Defendant, except admits that the City did not obtain a warrant, nor was it required to, in order to remove any abandoned or derelict vehicles without license plates at issue in this action from the City streets.

46. Neither admits nor denies the allegations set forth in Paragraph 46 of the Complaint as they consist of legal arguments to which no response is required. To the extent the Court requires a response, denies the allegations.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint, except admits that the City did not obtain a warrant, nor was it required to, prior to its private contractor or the City removing from the City streets any abandoned or derelict vehicles without license plates at issue in this action, and avers that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with jurisdiction and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Denies that Plaintiffs are entitled to any relief set forth in the "Wherefore" Clause on page 10 of the Complaint.

52. In response to the allegations set forth in Paragraph 51 of the Complaint, Defendant repeats and realleges all of the proceeding paragraphs of this Answer as if fully set forth herein.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

54. Denies the allegations set forth in Paragraph 53 of the Complaint.

55. Denies the allegations set forth in Paragraph 54 of the Complaint, except admits that the City did not obtain a warrant or offer an evidentiary hearing before a neutral

decisionmaker, nor was it required to, in order for its private contractor to remove and/or dispose of any abandoned or derelict vehicles without license plates at issue in this action.

56. Denies the allegations set forth in Paragraph 55 of the Complaint, except admits that the City did not obtain a warrant or offer Plaintiffs an evidentiary hearing before a neutral decisionmaker, nor was it required to, in order for its private contractor to remove and/or dispose of any abandoned or derelict vehicles without license plates at issue in this action.

57. Neither admits nor denies the allegations set forth in Paragraph 56 of the Complaint as they consist of legal arguments to which no response is required. To the extent the Court requires a response, denies the allegations.

58. Neither admits nor denies the allegations set forth in Paragraph 57 of the Complaint as they consist of legal arguments to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 57 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations specifically related to how the Plaintiffs became aware of the alleged seizures of the subject vehicles.

59. Denies the allegations set forth in Paragraph 58 of the Complaint.

60. Denies the allegations set forth in Paragraph 59 of the Complaint, except admits that the City did not obtain a warrant or offer Plaintiffs an evidentiary hearing before a neutral decisionmaker, nor was it required to, prior to its private contractor removing or disposing of any abandoned or derelict vehicles without license plates at issue in this action, and avers that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with jurisdiction and respectfully refers the Court to Section 1224(2) for its full text and true meaning..

61. Denies the allegations set forth in Paragraph 60 of the Complaint.

62. Denies the allegations set forth in Paragraph 61 of the Complaint.

63. Denies that Plaintiffs are entitled to any relief set forth in the "Wherefore" Clause on page 11 of the Complaint.

64. In response to the allegations set forth in Paragraph 62 of the Complaint, Defendant repeats and realleges all of the proceeding paragraphs of this Answer as if fully set forth herein.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

66. Denies the allegations set forth in Paragraph 64 of the Complaint.

67. Denies the allegations set forth in Paragraph 65 of the Complaint.

68. Denies the allegations set forth in Paragraph 66 of the Complaint.

69. Denies the allegations set forth in Paragraph 67 of the Complaint, except admits that the City has not remitted any compensation to Plaintiffs, nor was it required to, in relation to any abandoned and derelict vehicles without license plates at issue in this action, and avers that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with jurisdiction and respectfully refers the Court to Section 1224(2) for its full text and true meaning.

70. Denies the allegations set forth in Paragraph 68 of the Complaint.

71. Denies the allegations set forth in Paragraph 69 of the Complaint, except admits that any abandoned or derelict vehicles without license plates at issue in this action were removed and disposed of in accordance with Section 1-05(j) and Section 1224(2), that pursuant to Section 1224(2) ownership of such vehicles vested immediately in the local authority with

jurisdiction, and respectfully refers the Court to Section 1-05(j) and Section 1224(2) for their full text and true meaning.

72. Denies the allegations set forth in Paragraph 70 of the Complaint.

73. Denies the allegations set forth in Paragraph 71 of the Complaint.

74. Denies that Plaintiffs are entitled to any relief requested in the first "Wherefore" Clause on page 13 of the Complaint.

75. In response to the allegations set forth in Paragraph 72 of the Complaint, Defendant repeats and realleges all of the proceeding paragraphs of this Answer as if fully set forth herein.

76. Denies the allegations set forth in Paragraph 73 of the Complaint.

77. Denies that Plaintiffs are entitled to any relief requested in the second "Wherefore" Clause on page 13 of the Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

78. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

79. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or of the State of New York or any political subdivision thereof.

## FOR A THIRD AFFIRMATIVE DEFENSE

80. At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, properly, lawfully, and in good faith and without malice and/or without willful intent to violate any applicable law, rule, or regulation.

## FOR A FOURTH AFFIRMATIVE DEFENSE

81. The instant action should be dismissed due to Plaintiffs' failure to name a necessary party.

## FOR A FIFTH AFFIRMATIVE DEFENSE

82. The instant action should be dismissed due to Plaintiffs' failure to timely file a notice of claim with the Comptroller of the City of New York.

## FOR A SIXTH AFFIRMATIVE DEFENSE

83. Plaintiffs' claims and requests for relief are time-barred by the applicable statute of limitations in regard to some of the vehicles.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

84. All of the actions taken by the Defendant were lawful and in accordance with the laws and rules of the State and City of New York.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

85. The Complaint is barred, in whole or in part, based on Plaintiffs' lack of standing.

## FOR A NINTH AFFIRMATIVE DEFENSE

86. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c).

## FOR A TENTH AFFIRMATIVE DEFENSE

87. Plaintiffs' culpable conduct, and/or the culpable conduct of third parties, caused or contributed, in whole or in part, to Plaintiff's alleged injuries or damages.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

88. Plaintiffs failed to mitigate their damages.

Defendant respectfully requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 10, 2024

        **MURIEL GOODE-TRUFANT**
        Acting Corporation Counsel of the City of New York
        Attorney for Defendant
        100 Church Street, Room 2-144
        New York, NY 10007
        t: (212) 356-2647
        e: jecullen@law.nyc.gov

By:     /s/ *Jay Cullen*
       Jay Cullen
       Assistant Corporation Counsel