

**Muriel Goode-Trufant**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Phone: (212) 356-2647
jcullen@law.nyc.gov

December 17, 2025

*Request GRANTED in part. Defendant's deadline to submit its cross motion for summary judgment and opposition to Plaintiffs' motion for summary judgment is extended to* **January 26, 2026**. *Plaintiffs' combined reply brief and opposition brief shall be due by* **March 3, 2026**. *Defendant's reply shall be due by* **March 31, 2026**. *Said deadlines are subject to any determination on Defendant's stay request, and must comply with the word limits outlined on page 3 below.*

**BY ECF**
Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

*Plaintiffs are ordered to file their response to Defendant's request for a 90-day stay by* **December 22, 2025**.

**SO ORDERED.**

Dated: December 18, 2025
New York, New York

_Jennifer Rochon_____
**JENNIFER L. ROCHON**
**United States District Judge**

Re:   American Honda Finance Corporation and HVT Inc. v. City of New York
     24-cv-1137 (JLR)

Your Honor:

I am an attorney in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for defendant City of New York ("City") in the above-entitled action. I write to advise the Court that yesterday, the New York City Department of Sanitation ("DSNY") proposed a new rule, in accordance with the City Administrative Procedure Act ("CAPA"), that alters the process by which vehicle owners, lienholders, and other interested parties will be notified and heard after a derelict vehicle is removed from the City's streets, thereby addressing the core of Plaintiffs' complaint.[1] See Ex. A. As such, and in anticipation that at a minimum, Plaintiffs' request for injunctive relief may be moot based on this regulatory action, I respectfully request that the Court stay the instant matter in its entirety for 90 days to allow the CAPA process to be completed. This is the first request for a temporary stay of this action.

When I initially sought Plaintiffs' position on the stay, I inquired about a 120-day stay. Plaintiffs did not consent the initial request of a 120-day stay due to its requested length. In the interim, I conferred with a City attorney familiar with the CAPA process who reported that a 90-day stay was sufficient. I updated my request this morning to 90 days, but have not heard back from Plaintiffs as of this filing. Plaintiffs did consent to a 35-day adjournment of the City's deadline to file its cross motion for summary judgment and opposition to Plaintiffs' motion for summary judgment to Monday, January 26, 2026.

---

[1] Along with their request for injunctive relief, Plaintiffs also seek monetary damages.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  Courts stay litigation "in a wide variety of circumstances." Wing Shing Prods. Ltd. v. Simatelex Manufactory Co., No. 01-CV-1044 (RJH )(HBP), 2005 U.S. Dist. LEXIS 6780, *5 (S.D.N.Y. Apr. 19, 2005) (citing Marshel v. AFW Fabric Corp., 552 F.2d 471 (2d Cir. 1977). A stay can be appropriate where another proceeding may "bear upon [the instant case], even if such proceedings are not necessarily controlling of the action that is to be stayed." Credit Suisse Sec. LLC v. Laver, 18-cv-2920 (AT), 2019 U.S. Dist. LEXIS 90706, *7 (S.D.N.Y. 2019) (quoting LaSala v. Needham, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

In determining whether to grant a stay, courts in the Second Circuit consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See U.S. v. Town of Oyster Bay, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (citing Kappel v. Comfort, No., 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). Here, all five factors weigh in favor of a stay.

First, the Plaintiffs will not suffer severe prejudice from a 90-day stay while DSNY undertakes rulemaking. Plaintiffs' monetary damages claim is not time-sensitive,  and the equitable relief that they seek is directly addressed via the rulemaking. Additionally, a public hearing on the proposed rulemaking will be held, which will afford Plaintiffs and others the opportunity to provide input on the newly proposed rule, should they desire to.

The second factor also weighs in favor of a stay. The City should not be compelled to file its cross-motion for summary judgment defending an administrative process that will most likely be superseded by the time the motion is decided. The stay will thus ensure that all parties, including defendant, do not expend time and resources addressing an administrative process that no longer exists.

Third,  a stay preserves the Court's time and resources. Moreover, it will ensure that the Court is not asked to render an advisory opinion.  Indeed, the adoption of the new rule will most likely moot the current request for injunctive relief.

Finally, the fourth and fifth factors weigh in favor of a temporary stay. The CAPA process allows for input from all interested parties, as well as the public at large, on the proposed rule. This rule addresses a matter of public concern, the disposition of often dangerous, derelict vehicles left on the City's streets. All comments provided at the public hearing will be reviewed prior to publication of the final rule and may impact the substance of the final rule. The rulemaking process will thus ensure that all viewpoints are considered, including individuals and entities who are not participants in this litigation. To allow the CAPA process to run its course is therefore advisable and may obviate the need for Court intervention going forward.

Accordingly, the City submits that a 90-day temporary stay of this case is warranted, to allow for the completion of the CAPA rulemaking process.[2]

In the alternative, should the Court believe that a temporary stay of the case is not needed at this time, the City respectfully requests a 35-day extension to file its cross motion for summary judgment and opposition to Plaintiffs' motion for summary judgment until January 26, 2026. Separate and apart from the ongoing CAPA rulemaking process, the extension is necessary due to the undersigned's absences from the office due to the upcoming holidays, as well as other unexpected commitments in other cases. This is the City's first extension request related to the summary judgment briefing and Plaintiffs consent to it.[3] Should the Court grant this request, the Defendant proposes the following schedule:

- Defendant's combined opening brief and opposition brief shall be due no later than January 26, 2026, and shall not exceed 10,750 words;

- Plaintiffs' combined reply brief and opposition brief shall be due no later than March 3, 2026, and shall not exceed 10,750 words; and

- Defendant's reply in further support of its motion shall be due no later than March 31, 2026, and shall not exceed 3,500 words.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

*/s/ Jay Cullen*
Jay Cullen
Assistant Corporation Counsel

cc:    Counsel of Record (By ECF)

---

[2] Under New York City Charter, Chapter 45, Section 1043(2)(b), a proposed rule must allow for comments for at least 30 days before a hearing is scheduled. As the Proposed Rule was issued yesterday, December 16, 2025, the hearing date is set for January 15, 2026. Exhibit A. After that, DSNY will consider the comments and testimony at the hearing and make necessary changes, before issuing a final rule. A final rule then goes into effect 30 days later. NYC Charter Ch. 45, §1043(f)(1)(d).

[3] This Court previously granted Plaintiffs' request for a 30-day extension to file their motion for summary judgment. See Dkt. No. 42.