**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HONDA FINANCE CORPORATION and HVT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF NEW YORK,<br><br>Defendant. | Civil Case No.: 1:24-cv-01137 (JLR)<br><br>Hon. Jennifer L. Rochon<br><br>**[PROPOSED] JOINT PRETRIAL ORDER** |

Defendant The City of New York or "Defendant," submits the following statements, directions, and agreements as to its portion of the Joint Pretrial Order ("JPTO") pursuant to Federal Rule of Civil Procedure 26(a)(3), the Court's Individual Rules, and the Court's September 28, 2026 Opinion and Order (Dkt. 73), which includes Plaintiffs' sections of the JPTO which were sent to the City by Plaintiffs' counsel at 3:30pm on October 12, 2026 which was a federal holiday observed by Defendant's Office.[1]

**1. Caption.**

See above. The full caption of the action is set forth on the first page of this Joint Pretrial Order.

**2. Parties and Trial Counsel.**

**Attorneys for Plaintiffs**

Nicholas A. Duston, Esq.
Kevin J. Hale, Esq.
Benjamin D. Schwartz, Esq.
NORRIS McLAUGHLIN, P.A.
7 Times Square, 21st Floor
New York, NY 10036
Tel: (212) 808-0700
Email: naduston@norris-law.com; kjhale@norris-law.com; bschwartz@norris-law.com
Attorneys for Plaintiffs American Honda Finance Corporation and HVT, Inc.

[1] Defendant did not make any changes to following sections drafted by Plaintiff: (1) Plaintiffs' statement regarding jurisdiction; (2) Plaintiffs' claims remaining to be tried; (3) Plaintiffs' claims that were previously asserted but not to be tried; (4) consent to trial by Magistrate Judge; (5) relief sought by Plaintiff; (6) Plaintiffs' witnesses; (7) Plaintiffs' deposition designations; and (8) Plaintiffs' Exhibits.

**Attorneys for Defendant**

Samantha Schonfeld
Genan F. Zilkha
Assistant Corporation Counsels
New York City Law Department
100 Church Street
New York, NY 10007
Tel: (212) 356-2183
Email: sschonfe@law.nyc.gov; gzilkha@law.nyc.gov
Attorneys for Defendant The City of New York

3. **Jurisdiction.**

**Plaintiffs' Statement**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiffs' rights secured by the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs' claims arise under federal law, and subject matter jurisdiction is therefore conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4). Declaratory relief was sought pursuant to 28 U.S.C. §§ 2201 and 2202. Because jurisdiction rests on the existence of a federal question, rather than diversity of citizenship, the citizenship of the Parties and the amount in controversy are not jurisdictional prerequisites.

**Defendant's Statement**

Defendant does not contest subject matter jurisdiction.

4. **Claims and Defenses.**

**Procedural Posture**

Plaintiffs commenced this action on February 16, 2024, asserting claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as the corresponding provisions of the New York State Constitution, arising from the City's destruction of ten vehicles in which Plaintiffs held recorded lien or ownership interests (the "Vehicles") pursuant to the Department of Sanitation's ("DSNY") Derelict Vehicle Operations Policy (the "DVO Policy"). On November 10, 2025, Plaintiffs moved for summary judgment on all claims (Dkt. 43), and the City cross-moved for partial summary judgment on the Fourth and Fifth Amendment claims (Dkt. 53).

In its September 28, 2026 Opinion and Order, the Court (a) granted Plaintiffs summary judgment on their Fourteenth Amendment procedural due process claim as to all Vehicles other than the Cruz Vehicle, together with nominal damages; (b) granted Plaintiffs summary judgment on their Fifth Amendment takings claim as to the Khan, Smith, Vasquez, and Griffin Vehicles; (c) granted the City summary judgment on the Fourth Amendment claim as to all vehicles other than the Cruz vehicle, the New York State Constitution claims, all claims concerning the Cruz Vehicle, and the

Fifth Amendment claim concerning the Salgado Vehicle; and (d) otherwise denied the motions. The Court further determined, pursuant to Rule 56(g), that if the wholesale value for any of the Beatty, Rodriguez, Jones, and Philbert Vehicles exceeded $1,250 at the relevant time, Section 1224(2) of the New York Vehicle and Traffic Law did not vest ownership in the City, and the City's extinguishment and permanent disposition of Plaintiffs' property interest effected a taking for a public purpose without just compensation. Conversely, if the Vehicles had a wholesale value of $1,250 or less, title vested with the City and the City cannot be held liable under Monell. The Court denied Plaintiffs' requests for prospective declaratory and injunctive relief and declined to enter a separate retrospective declaratory judgment.

**Plaintiffs' Claims Remaining To Be Tried**

1) **Fifth Amendment Takings Claim (Count III), 42 U.S.C. § 1983; U.S. Const. amends. V, XIV — Beatty, Rodriguez, Jones, and Philbert Vehicles.** Plaintiffs contend that each of these Vehicles had a wholesale value exceeding $1,250 when the City removed it, such that N.Y. Veh. & Traf. Law § 1224(2) did not vest ownership in the City, and that the City's extinguishment of HVT's and Honda Lease Trust's title and permanent disposal of the Vehicles under the DVO Policy constituted a taking of private property for public use without just compensation, for which the City is liable under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

2) **Fifth Amendment Takings Claim (Count III) 42 U.S.C. § 1983; U.S. Const. amends. V, XIV — Khan, Smith, Vasquez, and Griffin Vehicles.** Liability having been established on summary judgment, Plaintiffs will prove the just compensation owed for the City's total destruction of AHFC's perfected liens in these Vehicles.

3) **Nominal Damages — Fourteenth Amendment Due Process Claim (Count II), 42 U.S.C. § 1983; U.S. Const. amend. XIV — all Vehicles (except Cruz Vehicle).** Liability and nominal damages having been established, Plaintiffs will prove the amount of compensatory damages caused by the City's destruction, without notice or an opportunity to be heard, of Plaintiffs' recorded lien and title interests in the Griffin, Khan, Smith, Vasquez, Beatty, Jones, Philbert, Rodriguez, Vehicles.

**Plaintiffs' Claims Previously Asserted That Will Not Be Tried**

The following claims will not be tried: (a) the Fourth Amendment unreasonable seizure claim (Count I), on which the Court granted the City summary judgment; (b) the New York State Constitution claims (Count IV), on which the Court granted the City summary judgment; (c) all claims concerning the Cruz Vehicle, which the Court held time-barred; (d) the Fifth Amendment claim concerning the Salgado Vehicle, on which the Court granted the City summary judgment; (e) Plaintiffs' requests for declaratory and permanent injunctive relief, which the Court denied; and (f) the Fourteenth Amendment liability determination and nominal damages, and Fifth Amendment liability as to the Khan, Smith, Vasquez, and Griffin Vehicles, which were resolved in Plaintiffs' favor on summary judgment.

Plaintiffs note that, on summary judgment, the Court rejected the City's contentions that Plaintiffs' failure to challenge the constitutionality of N.Y. Veh. & Traf. Law § 1224 categorically forecloses Plaintiffs' claims and rejected the City's contention that *Monell* liability is categorically barred because the DVO Policy implemented state law. The only remaining factual dispute identified by the Court is the wholesale value of the Vehicles. Plaintiffs reserve all rights with respect to the Court's summary judgment rulings.

**<u>Defendant's Defenses</u>**

1) **Fifth Amendment Takings Claim (Count III), 42 U.S.C. § 1983; U.S. Const. amends. V, XIV — Beatty, Rodriguez, Jones, and Philbert Vehicles.** Defendant contends that because each of these Vehicles had a wholesale value not exceeding $1,250 N.Y. Veh. & Traf. Law § 1224(2) vested ownership of each of these vehicles in the City. Since the City was the title owner of these vehicles at the time of their removal, not Plaintiffs, no taking occurred under the Fifth Amendment and the City is not liable under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

2) **Fifth Amendment Takings Claim (Count III) 42 U.S.C. § 1983; U.S. Const. amends. V, XIV — Khan, Smith, Vasquez, and Griffin Vehicles.** Although liability has been established on summary judgment, Defendant contends that since the value of each vehicle did not exceed $1,250, Plaintiffs are not entitled to any damages exceeding $1,250 per vehicle.

3) **Nominal Damages — Fourteenth Amendment Due Process Claim (Count II), 42 U.S.C. § 1983; U.S. Const. amend. XIV — all Vehicles (except Cruz Vehicle).** Although liability has been established as to all vehicles except the Cruz vehicle, Defendant submits that Plaintiffs are only entitled to the nominal damages already awarded by the Court.

**5. Jury or Bench Trial and Number of Trial Days.**

By the Opinion and Order dated September 28, 2026, the Court directed that a bench trial on the remaining claims and damages shall commence on October 21, 2026, at 9:00 a.m. This case is to be tried without a jury.

The parties believe that one (1) to two (2) days will be required for trial.

**6. Joint Statement of the Nature of the Case.**

Plaintiffs American Honda Finance Corporation and HVT, Inc. finance and lease Honda and Acura vehicles, holding recorded liens on financed vehicles and title to leased vehicles. This case concerns ten such vehicles—all discovered without license plates and in various states of dilapidation and disrepair--that the City of New York's Department of Sanitation removed from city streets as "derelict" vehicles under its Derelict Vehicle Operations Policy and then transferred

to its contractors to be dismantled and destroyed, without providing Plaintiffs notice or an opportunity to be heard and without paying Plaintiffs any compensation.

The Court has already determined that the City violated Plaintiffs' Fourteenth Amendment right to due process as to nine of the vehicles and awarded nominal damages, and that the City took Plaintiffs' property without just compensation in violation of the Fifth Amendment as to four of the vehicles. The Court has dismissed Plaintiffs' Fourth Amendment claim.

The questions remaining for trial are the wholesale value of each vehicle at the time of its removal (other than the Cruz and Salgado vehicles)— including whether the Beatty, Rodriguez, Jones, and Philbert vehicles were worth more than $1,250 and not subject to N.Y. Veh. & Traf. Law § 1224(2) — and the amount of damages and compensation, if any, owed to Plaintiffs.

**7. People, Places, and Institutions Likely To Be Mentioned at Trial.**

- American Honda Finance Corporation (Plaintiff)
- HVT, Inc. (Plaintiff)
- Honda Lease Trust (titled owner of the Philbert Vehicle)
- The City of New York (Defendant)
- New York City Department of Sanitation (DSNY) and its Derelict Vehicle Operations unit, 803 Forbell Street, Brooklyn, New York
- New York City Police Department (NYPD)
- New York State Department of Motor Vehicles
- Norris McLaughlin, P.A. (counsel for Plaintiffs)
- New York City Law Department, Office of the Corporation Counsel (counsel for Defendant)
- Michelle Smith, Rule 30(b)(6) designee for Plaintiffs, Asset Recovery Supervisor, American Honda Finance Corporation
- Kerry Scully, Rule 30(b)(6) designee of the City of New York
- Paul Fallati, Plaintiffs' proffered valuation expert
- Rudolph J. Meola, Esq., Albany, New York
- Jet Auto-Wreckers, Inc. and other City towing contractors
- Non-party customers: Albin Manuel Griffin Jr., Michelle Griffin-Brea, Ashikur Khan, David Smith, Geraldy Moronta Vazquez, Emilio Moronta Vasquez, Stephen J. Beatty, Mahmoud Jones, Excelia Philbert, Norma Rodriguez, and Stephen J. Salgado

- Honda and Acura dealerships in New York City and surrounding counties
- The five boroughs of New York City
- The locations where the vehicles were recovered

**8. Consent to Trial by a Magistrate Judge.**

All parties do not consent to trial by a magistrate judge.

**9. Stipulations.**

Plaintiffs propose the following stipulations of fact, each of which was admitted or not genuinely disputed on summary judgment as reflected in the Court's Opinion. Any agreed stipulations will be memorialized in a standalone document that can be marked and admitted at trial.

(a) AHFC held perfected liens on the Griffin, Khan, Smith, and Vasquez Vehicles before their removal.

(b) HVT was the titled owner of the Beatty, Jones, Rodriguez, and Salgado Vehicles, and Honda Lease Trust held title to the Philbert Vehicle, before their removal.

(c) The Vehicles were removed on the following dates: Khan, June 8, 2021; Beatty, June 17, 2022; Rodriguez, September 19, 2022; Salgado, October 12, 2022; Smith and Vasquez, May 10, 2023; Jones, August 22, 2023; Philbert, January 24, 2024; Griffin, February 7, 2024.

(d) At the time the Vehicles were removed, N.Y. Vehicle and Traffic Law Section 1224(2) required that the wholesale value of a vehicle be $1,250 or less.

(e) Each of the nine vehicles were discovered without license plates. (proposed by Defendant).

(f) Each of the nine vehicles incurred varying degrees of physical damage. (proposed by Defendant)

(g) Each of the nine vehicles were left unattended for at least six hours on city streets. (proposed by Defendant)

**10. Statement of Damages and Other Relief Sought.**

**Relief Sought by Plaintiffs**

Plaintiffs seek judgment against the City on their Fifth and Fourteenth Amendment claims under 42 U.S.C. § 1983, including: (a) compensatory damages and just compensation for the value of their destroyed property interests in the Vehicles (excluding the Cruz and Salgado Vehicles); (b) nominal damages on the Fourteenth Amendment due process claim, as already awarded by the Court (for all Vehicles except the Cruz Vehicle); (c) prejudgment interest from the date of each

Vehicle's removal; (d) post-judgment interest pursuant to 28 U.S.C. § 1961; (e) costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (f) such other and further relief as the Court deems just and proper.

**Manner and method of calculation.** Because the City destroyed the Vehicles, they cannot be examined, and Plaintiffs rely on the April 28, 2025 report of Paul Fallati. Mr. Fallati estimated each Vehicle's value by assigning values to the components that the City's own DSNY inspection condition sheets identified as undamaged; the City's Rule 30(b)(6) designee confirmed that an unchecked box on those sheets means the condition was not observed. The value of those undamaged components is the value denied to Plaintiffs when the City destroyed their property interests. The breakdown of Plaintiffs' claimed compensatory damages for the nine remaining Vehicles is as follows:

| Vehicle | Interest Holder | Removal Date | Fallati Estimate (Vth amendment Damages) | Amendment(s) |
|---|---|---|---|---|
| Griffin | AHFC (lien) | February 6, 2024 | $3,926.99 | XIV and V (liability established) |
| Khan | AHFC (lien) | June 8, 2021 | $1,586.41 | XIV and V (liability established) |
| Smith | AHFC (lien) | May 10, 2023 | $3,566.54 | XIV and V (liability established) |
| Vasquez | AHFC (lien) | May 10, 2023 | $4,550.58 | XIV and V (liability established) |
| Beatty | HVT (title) | June 17, 2022 | $1,903.33 | XIV; V (value to be tried) |
| Jones | HVT (title) | August 22, 2023 | $6,184.20 | XIV; V (value to be tried) |
| Philbert | Honda Lease Trust (title) | January 24, 2024 | $5,329.44 | XIV; V (value to be tried) |
| Rodriguez | HVT (title) | September 19, 2022 | $2,389.95 | XIV; V (value to be tried) |

| Vehicle | Interest Holder | Removal Date | Fallati Estimate (Vth amendment Damages) | Amendment(s) |
|---|---|---|---|---|
| **Total of Fifth Amendment Damages** | | | **$29,437.44** | |
| Salgado | HVT (title) | October 12, 2022 | $250.00 | XIV only (Fallati estimate value excluded from total above) |

The total also excludes the Cruz Vehicle ($250.00), as to which the Court granted the City summary judgment on all claims; Mr. Fallati's ten-vehicle total was $29,937.44. Removal dates are those found by the Court in the Opinion. Plaintiffs further seek prejudgment interest on each Vehicle's value from its removal date, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield as provided in 28 U.S.C. § 1961, through the date of judgment, together with nominal damages on the Fourteenth Amendment claim in an amount to be fixed by the Court.

**Relief Sought by Defendant**

Defendant seeks an order that Plaintiffs have failed to establish by a preponderance of credible evidence that the **wholesale** value of each of the remaining eight Vehicles (not including the Salgado and Cruz vehicles) on the date they were removed under the DVO Policy exceeded $1,250 per vehicle. As a result, title of the Beatty, Rodriguez, Jones, and Philbert vehicles was properly transferred to the City under N.Y. Veh. & Traf. Law § 1224(2), there is no taking of those vehicles under the Fifth Amendment, and Plaintiff is not entitled to just compensation related to those vehicles. As for the Griffin, Khan, Smith, and Vasquez Vehicles, for which liability has already been established, Plaintiffs are only entitled to, at most, $5,000 in compensatory damages ($1250 per vehicle), plus the nominal damages already awarded by this Court for the due process violation. Pre-judgment and post-judgment interest on any award should be denied.

**11. Witnesses.**

Below are lists of each party's witnesses (fact and expert) whose testimony is to be offered in its case-in-chief. Absent leave of Court, a witness listed by both sides may testify only once (with Defendant permitted to go beyond the scope of the direct on cross-examination), and counsel will confer with respect to scheduling.

**<u>Plaintiffs' Witnesses</u>**

1) **Jean-Marc Henriquez, District Relations Manager, American Honda Finance Corporation (or another appropriate corporate designee), testifying on behalf of both AHFC and HVT — in person.** Mr. Henriquez, or such other appropriate corporate designee, is expected to testify, based on personal knowledge and business records kept in the ordinary course of Plaintiffs' business, regarding: (1) AHFC's business of taking assignments of retail installment contracts and holding liens, and HVT's business of taking assignments of leases and holding title, including AHFC's servicing of HVT's leases and HVT's role as trustee of Honda Lease Trust; (2) the retail installment contracts, lease agreements, and certificates of title for each Vehicle and Plaintiffs' recorded interests therein; (3) each customer's default and Plaintiffs' contractual right to repossess upon default; (4) that Plaintiffs did not request that any Vehicle be destroyed, received no notice of the City's actions, and learned of the seizures only after the Vehicles had been destroyed; (5) that the City paid Plaintiffs no compensation; and (6) the dates on which Plaintiffs were deprived of each Vehicle.

   Interpreter: NO    Approximate Time Direct and Cross for Witness: 0-2 hours

2) **Paul Fallati — Plaintiffs' valuation expert — in person.** Mr. Fallati is expected to testify consistent with his April 28, 2025 report regarding his qualifications, the DSNY inspection records on which he relied, his methodology of valuing the components identified by the City's inspection sheets as undamaged, and his estimated values for each Vehicle, including that the Griffin, Khan, Smith, Vasquez, Beatty, Jones, Philbert, and Rodriguez Vehicles each exceeded $1,250 in value.

   Interpreter: NO    Approximate Time Direct and Cross for Witness: 2-3 hours

3) **Kerry Scully — Rule 30(b)(6) designee of The City of New York — in person or, if unavailable, by deposition pursuant to Fed. R. Civ. P. 32(a)(3).** Ms. Scully is expected to testify regarding the DVO Policy and its application to the Vehicles, including that: (1) DSNY officers do not place a dollar value on any vehicle in determining whether it is derelict; (2) DSNY does not use VINs to check for recorded owners or lienholders and provides no notice to lienholders or lessors; (3) no hearing is provided; (4) DSNY's condition check sheets identify which conditions were observed, and unchecked items were not observed; (5) "pass" vehicles are transferred by MV-109 salvage form to the City's contractor free of prior property interests and dismantled, with usable parts sold; (6) the City takes ownership so that it can dispose of vehicles by giving them to its contractor; and (7) the City followed its standard policies and practices as to each Vehicle.

   Interpreter: NO    Approximate Time Direct and Cross for Witness: 1-2 hours

4) **Ashikur Khan – Former owner of the Khan Vehicle — in person**. Mr. Khan is expected to testify about the status of the Khan vehicle the last time he saw it prior to the City seizing and crushing it. Last known address 13726 101ST AVE Floor 1 QUEENS, NY 11435-4621

   Interpreter: NO Approximate Time Direct and Cross for Witness: .5-1 hours

5) **Norma Rodriguez - Former lessee of the Rodriguez Vehicle — in person**. Ms. Rodriguz is expected to testify about the status of the Rodriguez vehicle the last time she saw it prior to the City seizing and crushing it. Last known address 1420 BRONX RIVER 10H BRONX, NY 10472

   Interpreter: NO Approximate Time Direct and Cross for Witness: .5-1 hours

6) Plaintiffs reserve the right to call any witness listed on Defendant's witness list and to call rebuttal or impeachment witnesses.

<u>**Defendant's Witnesses**</u>

**(1) Michelle Smith-Plaintiffs' Rule 30(b)(6) Designee: in person or, if unavailable, by deposition pursuant to Fed. R. Civ. P. 32(a)(3).** Ms. Smith is expected to provide testimony based on personal knowledge and business records kept in the ordinary course of Plaintiffs' business regarding: (1) instances where Plaintiffs would or would not seek repossession of a derelict vehicle based on the vehicle's physical condition, including as to the Vehicles at issue in this case, and (2) the process and procedures for repossessing vehicles.

Interpreter: NO Approximate Time for Direct and Cross: 2 hours

**(2) Kerry Scully — Rule 30(b)(6) designee of The City of New York — in person.** Ms. Scully is expected to testify regarding the DVO Policy and its application to the Vehicles, including that (1) DSNY's condition check sheets identify the conditions observed and the extent of damage to the removed vehicles, and (2) the multiple levels of DSNY review, including whether a vehicle's wholesale value at the time it is removed is $1250 or below and thus subject to disposal under the DVO policy and N.Y. Vehicle and Traffic Law Section 1224(2).

Interpreter: NO Approximate Time Direct and Cross for Witness: 1-2 hours

**(3)** Defendant reserves the right to call any witness listed on Plaintiffs' witness list and to call rebuttal or impeachment witnesses.

**12. Deposition Testimony.**

**Plaintiffs' Designations**

Plaintiffs designate the following portions of deposition testimony pursuant to Fed. R. Civ. P. 32(a)(3), which permits an adverse party to use for any purpose the deposition of a party's Rule 30(b)(6) designee. The designations consist of all deposition testimony cited in the summary judgment papers. The only deposition cited in the summary judgment record is that of the City's Rule 30(b)(6) designee, Kerry Scully, taken on March 4, 2025 (Duston Decl., Ex. F, Dkt. 43-2; also submitted as Cullen Decl., Ex. E, Dkt. 54).

**1. Kerry Scully — Rule 30(b)(6) designee of Defendant The City of New York (deposition taken March 4, 2025)**

**(a) Testimony cited in Plaintiffs' Rule 56.1 Statement (Dkt. 45) and Memorandum of Law (Dkt. 44):**

| Page:Line | Subject of Testimony | Where Cited |
|---|---|---|
| 11:4-22 | City does not dispute AHFC's perfected lien on the Cruz Vehicle | SUF ¶ 12 |
| 12:4-24 | AHFC's perfected lien on the Griffin Vehicle | SUF ¶ 20 |
| 13:5-15 | AHFC's perfected lien on the Khan Vehicle | SUF ¶ 28 |
| 13:20-14:8 | AHFC's perfected liens on the Smith and Vasquez Vehicles | SUF ¶¶ 36, 44 |
| 14:20-15:5 | HVT's ownership of the Beatty Vehicle | SUF ¶ 51 |
| 15:6-13 | HVT's ownership of the Jones Vehicle | SUF ¶ 58 |
| 15:14-16:17 | Honda Lease Trust's ownership of the Philbert Vehicle | SUF ¶ 65 |
| 16:18-17:1 | HVT's ownership of the Rodriguez Vehicle | SUF ¶ 72 |
| 17:3-16 | HVT's ownership of the Salgado Vehicle | SUF ¶ 79 |
| 20:15-22 | Non-party tow companies towed the Vehicles for and at the direction of the City | SUF ¶ 80 |
| 21:6-12 | Vehicle placed on "hold" if criteria not met or someone claims it; pass/hold decided while vehicle is secure in tow lot | SUF ¶ 85(F); Br. at 15-16 |
| 21:18-25 | Otherwise vehicle is a "pass" and transferred to the City's tow vendor | SUF ¶ 85(F) |
| 21:18-22:4 | "Pass" vehicles deemed derelict and abandoned; City takes ownership; released to contractor via MV-109 salvage form | SUF ¶ 85(G); Br. at 4 |

| Page:Line | Subject of Testimony | Where Cited |
|---|---|---|
| 22:6-22 | Vehicle dismantled, usable parts sold, remainder scrapped | SUF ¶ 85(H) |
| 31:19-21 | Officer inspects vehicle on street and decides whether it meets derelict criteria | SUF ¶ 85(A); Br. at 4 |
| 38:8-12 | Officer marks vehicle with sticker and oil crayon | SUF ¶ 85(B) |
| 39:4-5 | Officer enters vehicle information into City computer system | SUF ¶ 85(B) |
| 39:13-19 | After 6 hours, system generates DS-464 tow authorization | SUF ¶ 85(C) |
| 41:4-13 | Forms delivered each morning to towing contractor | SUF ¶ 85(D) |
| 43:6-11 | Secondary inspection at tow yard | SUF ¶ 85(E) |
| 43:20-25 | City followed standard policies, customs and practices for all Vehicles | SUF ¶ 84 |
| 45:7-11 | Vehicle held if someone contacts or appears at yard to claim it | SUF ¶ 85(F) |
| 47:19-23 | DVO Policy provides no notice to lienholders or lessors | SUF ¶ 83 |
| 49:22-25 | No use of VINs to check for recorded owner or lienholder | SUF ¶ 83 |
| 50:2-6 | Same | SUF ¶ 83 |
| 56:12-14 | City does not place a dollar value on any vehicle | SUF ¶ 85(A); Br. at 4, 14 |
| 63:24-64:2 | No mechanism to notify lienholders/lessors or afford an opportunity to be heard | SUF ¶ 88 |
| 73:11-75:12 | Condition check sheets; unchecked items are "conditions that were not observed" | SUF ¶¶ 87, 95 |
| 101:3-102:5 | City followed its standard policies as to each Vehicle | SUF ¶ 84 |
| 101:13-22 | All ten Vehicles treated as "pass" vehicles and appropriated free and clear | SUF ¶ 86 |
| 116:19-117:25 | City becomes owner so it can release vehicle to contractor to be dismantled | Br. at 5 |
| 117:15-25 | Same; ownership taken for disposal convenience, not exigency | Br. at 20-21 |

| Page:Line | Subject of Testimony | Where Cited |
|---|---|---|
| 117:21-25 | "So the City becomes the owner so it can dispose of the vehicle by giving it to the contractor? . . . A: Yes." | Br. at 8 |

**(b) Additional testimony of Kerry Scully cited in the Court's Opinion and Order (from Cullen Decl., Ex. E), which Plaintiffs also designate:**

| Page:Line | Subject of Testimony (as described in the Opinion) |
|---|---|
| 20:17-21:9 | Circumstances in which a vehicle is placed on "hold" |
| 21:9-12 | "Pass" designation |
| 21:21-25 | "[O]nce the vehicle is removed from a city street that's deemed derelict and abandoned, the City takes ownership of it . . ." |
| 22:2-7 | MV-109 salvage form transfers title to contractor to be dismantled and disposed of |
| 31:3-21 | On-street derelict determination |
| 35:6-15 | Vehicles not meeting criteria referred to NYPD as rotation tows |
| 37:23-38:13 | Officer evaluation under City criteria; tagging |
| 38:2-13 | Identification of vehicle as derelict and tagging |
| 39:4-8 | Entry into City computer system |
| 39:6-24 | DS-464 generated after six hours; 48-hour removal window |
| 42:12-16 | Contractor removal timing |
| 43:6-19 | Secondary review at tow yard; hold or pass |
| 44:19-45:2 | Supervisor classification |
| 45:3-11 | Hold when vehicle is claimed |
| 56:8-14 | DSNY does not place a dollar value on derelict vehicles |
| 77:6-8 | Same-day transfer for dismantling and disposal |
| 107:11-16 | City takes ownership upon removal |
| 117:10-25 | City becomes owner to dispose of vehicle by giving it to the contractor |

Plaintiffs reserve the right to designate additional portions of the Scully transcript in response to any counter-designations by Defendant.

**<u>Defendant's Designations, Counter-Designations, and Objections</u>**

Defendant designates the following portions of deposition testimony pursuant to Fed. R. Civ. P. 32(a)(3), which permits an adverse party to use for any purpose the deposition of a party's Rule 30(b)(6) designee.

**Michelle Smith — Rule 30(b)(6) designee of American Honda Finance Corporation and HVT, Inc. (deposition taken March 6, 2025)**

| Page: Line | Subject of Testimony |
|---|---|
| 27:20-27:24 | Plaintiffs look at photos to get an estimate of the value of a vehicle and any fees that may be owed like towing or storage fees when determining whether or not to seek repossession of a vehicle |
| 27:25-28:1 | Plaintiffs engage in cost-benefit analysis when determining whether to repossess a vehicle |
| 31:25-32:10 | Once Plaintiffs are informed that a vehicle was seized and destroyed, they would pursue the customer for the balance |
| 70:10-21 | When Plaintiffs' internal case notes say that a vehicle is worth recovering, that is not based on the physical condition of a vehicle but rather a general assumption based on the charge off balance. |
| 89:13-90:24 | Regarding the Vasquez vehicle, Plaintiffs were notified that it was a total loss in a hurricane and that the customer did not have insurance |
| 117:17-19 | Pictures of a vehicle, condition reports and description of vehicle damage would generally help Plaintiffs make decisions on whether or not to repossess a vehicle |
| 118:20-119:1 | If a vehicle is worth $10,000 Plaintiffs would almost always try to repossess it unless Plaintiffs were being charged storage fees of $12,000 and then it ended up being a loss for Plaintiffs to repossess it. |
| 126: 17-127:16 | For vehicle with VIN ending 0730 ("Rodriguez Vehicle"), after looking at the reported damage, Plaintiffs determine it would not be worth repossessing |
| 128:3-5 | The value of a vehicle is lower if there is no engine or if the engine is stripped |
| 129:24-130:15 | For vehicle with VIN ending 5940 ("Salgado Vehicle"), after looking at the reported damage, Plaintiffs determine it would not be worth repossessing |
| 130:18-20 | Generally speaking, if a vehicle is burned out, Plaintiffs would not recover the vehicle |
| 133:4-134:1 | For vehicle with VIN ending 9777 ("Beatty Vehicle"), after looking at the reported damage, Plaintiffs determine it would not be worth repossessing based on stripped engine, and stripped interiors and exteriors |

| Page: Line | Subject of Testimony |
|---|---|
| 138:20-140:22 | For vehicle with VIN ending 5534, ("Cruz Vehicle") after looking at the reported damage, Plaintiffs determine it would not be worth repossessing due to all of the burn damage. |

**13. Exhibits.**

**<u>Plaintiffs' Exhibits</u>**

| Exhibit No. | Description | Source / ECF No. | Objections |
|---|---|---|---|
| PX-1 | Griffin Vehicle Retail Installment Contract (PLTFS 00547-48) | Smith Decl. Ex. 2-A (Dkt. 43-1) | |
| PX-2 | Griffin Vehicle Certificate of Title (PLTF00499) | Smith Decl. Ex. 2-B (Dkt. 43-1) | |
| PX-3 | Khan Vehicle Retail Installment Contract (PLTFS 00543-44) | Smith Decl. Ex. 3-A (Dkt. 43-1) | |
| PX-4 | Khan Vehicle Certificate of Title | Smith Decl. Ex. 3-B (Dkt. 43-1) | |
| PX-5 | Smith Vehicle Retail Installment Contract (PLTFS 00484-490) | Smith Decl. Ex. 4-A (Dkt. 43-1) | |
| PX-6 | Smith Vehicle Certificate of Title (PLTF00169) | Smith Decl. Ex. 4-B (Dkt. 43-1) | |
| PX-7 | Vasquez Vehicle Retail Installment Contract (PLTFS 00221-25) | Smith Decl. Ex. 5-A (Dkt. 43-1) | |
| PX-8 | Vasquez Vehicle Certificate of Title (PLTF00170) | Smith Decl. Ex. 5-B (Dkt. 43-1) | |
| PX-9 | Beatty Lease Agreement (PLTFS 00178) | Smith Decl. Ex. 6-A (Dkt. 43-1) | |

| Exhibit No. | Description | Source / ECF No. | Objections |
|---|---|---|---|
| PX-10 | Beatty Vehicle Certificate of Title | Smith Decl. Ex. 6-B (Dkt. 43-1) | |
| PX-11 | Jones Lease Agreement (PLTFS 00216-20) | Smith Decl. Ex. 7-A (Dkt. 43-1) | |
| PX-12 | Jones Vehicle Certificate of Title | Smith Decl. Ex. 7-B (Dkt. 43-1) | |
| PX-13 | Philbert Lease Agreement (PLTFS 00490-94) | Smith Decl. Ex. 8-A (Dkt. 43-1) | |
| PX-14 | Philbert Vehicle Certificate of Title | Smith Decl. Ex. 8-B (Dkt. 43-1) | |
| PX-15 | Rodriguez Lease Agreement (PLTFS 00545) | Smith Decl. Ex. 9-A (Dkt. 43-1) | |
| PX-16 | Rodriguez Vehicle Certificate of Title | Smith Decl. Ex. 9-B (Dkt. 43-1) | |
| PX-17 | Salgado Lease Agreement (PLTFS 00203) | Smith Decl. Ex. 10-A (Dkt. 43-1) | |
| PX-18 | Salgado Vehicle Certificate of Title | Smith Decl. Ex. 10-B (Dkt. 43-1) | |
| PX-19 | Schedule of additional vehicles destroyed under the DVO Policy | Smith Decl. Ex. 11 (Dkt. 43-1) | ** FRE 403-prejudicial |
| PX-22 | Plaintiffs' Requests for Admission directed to the City | Duston Decl. Ex. C (Dkt. 43-2) | |
| PX-23 | City's Responses to Plaintiffs' Requests for Admission | Duston Decl. Ex. D (Dkt. 43-2) | |
| PX-24 | City's Amended Responses to Plaintiffs' Requests for Admission | Duston Decl. Ex. E (Dkt. 43-2) | |

| Exhibit No. | Description | Source / ECF No. | Objections |
|---|---|---|---|
| PX-25 | Transcript of Deposition of Kerry Scully, City Rule 30(b)(6) designee, March 4, 2025 | Duston Decl. Ex. F (Dkt. 43-2) | |
| PX-26 | Expert Report of Paul Fallati, dated April 28, 2025 | Duston Decl. Ex. G (Dkt. 43-2) | **FRE 403- prejudicial |
| PX-28 | DSNY responses to inquiries regarding application of the DVO Policy to the vehicles, including DS-464 forms | Meola Decl. Ex. 1 (Dkt. 47) | |
| PX-29 | New York State DMV records searches for the vehicles | Meola Decl. Ex. 2 (Dkt. 47) | ** Inadmissible<br><br>Meola is not listed as a witness to place documents into record |
| PX-30 | DSNY records for the Griffin Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0044-CNY0047) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-31 | DSNY records for the Khan Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0027-CNY0029) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-32 | DSNY records for the Smith Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0036-CNY0039) | Cullen Decl. Ex. A. (Dkt. 54) | |

| Exhibit No. | Description | Source / ECF No. | Objections |
|---|---|---|---|
| PX-33 | DSNY records for the Vasquez Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0060-CNY0062) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-34 | DSNY records for the Beatty Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0056-CNY0059) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-35 | DSNY records for the Jones Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0052-CNY0047) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-36 | DSNY records for the Philbert Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0023-CNY0026) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-36 | DSNY records for the Rodriguez Vehicle, including DS-463/DS-464 forms and condition check sheets (CNY0031-CNY0035) | Cullen Decl. Ex. A. (Dkt. 54) | |
| PX-31 | DSNY Policy and Administrative Procedure 2023-04 (DVO Policy), including DS-12 form | Cullen Decl. Ex. B (Dkt. 54) | |

| Exhibit No. | Description | Source / ECF No. | Objections |
|---|---|---|---|
| PX-32 | DSNY Final Rule, "Notice and Hearing Requirements for Abandoned Vehicles" (Jan. 23, 2026) | Cullen Decl. Ex. K (Dkt. 54) | |

Plaintiffs reserve the right to offer any exhibit listed by Defendant and to use additional documents for impeachment or rebuttal.

**<u>Defendant's Objections to Plaintiffs' Exhibits</u>**

See objections above.

**<u>Defendant's Exhibits</u>**

**A list by each party of exhibits to be offered in its case in chief, with one asterisk indicating an exhibit to which a party objects on the grounds of authenticity and two asterisks indicating an exhibit to which a party objects to the admissibility of the exhibit.**

**<u>Defendant's Exhibits</u>**

| Exhibit No. | Description | Source / ECF No. |
|---|---|---|
| DX-1 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Philbert Vehicle (CNY0023-CNY0026) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-2 | The Derelict Vehicle Removal Authorization (form DS-464), and the Salvage Certificate (form MV-907A) for the Khan Vehicle (CNY0027-CNY0030) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-3 | The Derelict Vehicle Removal Authorization (form DS-464), the Derelict Vehicle Report (form DS-463), and the Salvage Certificate (form MV-907A) for the Rodriguez Vehicle (CNY0031-CNY0035) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-4 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Smith Vehicle (CNY0036-CNY0039) | Smith Decl. Ex. 3-B (Dkt. 43-1) |

| Exhibit No. | Description | Source / ECF No. |
|---|---|---|
| DX-5 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Salgado Vehicle (CNY0040-CNY0043) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-6 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Griffin Vehicle (CNY0044-CNY0047) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-7 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Jones Vehicle (CNY0052-CNY0055) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-8 | The Derelict Vehicle Removal Authorization (form DS-464), the Derelict Vehicle Report (form DS-463), and the Salvage Certificate (form MV-907A) for the Beatty Vehicle (CNY0056-CNY0059) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-9 | The Derelict Vehicle Removal Authorization (form DS-464) and the Salvage Certificate (form MV-907A) for the Vasquez Vehicle (CNY0060-CNY0062) | Cullen Decl. Ex. A (Dkt. 54-1) |
| DX-10 | New York City Department of Sanitation Derelict Vehicles Operations Policy and Administrative Procedure #2023-04 (CNY0064- CNY0085) | Cullen Decl. Ex. B (Dkt. 54-2) |
| DX-11 | Jones Vehicle Certificate of Title (PLTFS 00162) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-12 | Smith Vehicle Lien and Title Information (PLTFS 00169) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-13 | Vasquez Vehicle Lien and Title Information (PLTFS 00170) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-14 | Beatty Lease Agreement (PLTFS 00173 - PLTFS 0177) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-15 | Beatty Vehicle Certificate of Title (PLTFS 00178) | Cullen Decl. Ex. C (Dkt. 54-3) |

| Exhibit No. | Description | Source / ECF No. |
|---|---|---|
| DX-16 | Khan Vehicle Retail Installment Contract (PLTFS 00190 - PLTFS 00191) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-17 | Khan Vehicle Lien and Title Information (PLTFS 00192) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-18 | Rodriguez Vehicle Retail Installment Contract (PLTFS 00195 - PLTFS 00196) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-19 | Rodriguez Vehicle Certificate of Title (PLTFS 00197 - PLTFS 198) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-20 | Salgado Vehicle Certificate of Title (PLTFS 00202) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-21 | Salgado Vehicle Motor Vehicle Lease Agreement (PLTFS 00203 - PLTFS 00207) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-22 | Title or Lien Status Report for the Cruz Vehicle (PLTFS 00215) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-23 | Jones Vehicle Motor Vehicle Lease Agreement (PLTFS 00216 - PLTFS 00220) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-24 | Vasquez Vehicle Retail Installment Sale Contract (PLTFS 00221 - PLTFS 00225) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-25 | Smith Vehicle Retail Installment Sale Contract (PLTFS 00484 - PLTFS 00489) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-26 | Philbert Vehicle Closed-End Vehicle Lease Agreement (PLTFS 00490 - PLTFS 00495) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-27 | Philbert Vehicle Certificate of Title (PLTFS 00496) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-28 | Griffin Vehicle Retail Installment Contract (PLTFS 00497 - PLTFS 0498) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-29 | Griffin Vehicle Lien and Title Information (PLTFS 00499) | Cullen Decl. Ex. C (Dkt. 54-3) |
| DX-30 | Plaintiffs' Responses and Objections to Defendant City of New York's Second Request for the Production of Documents | Cullen Decl. Ex. D (Dkt. 54-4) |
| DX-31 | Deposition Transcript for the March 6, 2025 Deposition of Michelle Smith, Plaintiffs' Fed. R. Civ. P. 30(b)(6) Witness | Cullen Decl. Ex. F (Dkt. 54-6) |

| Exhibit No. | Description | Source / ECF No. |
| --- | --- | --- |
| DX-32 | Deposition Transcript for the July 9, 2025 Deposition of Paul Fallati | Cullen Decl. Ex. G (Dkt. 54-7) |
| DX-33 | Honda Financial Services Account Notes of Albin M. Griffin Jr. (PLTFS 00001 - PLTFS 00029; PLTFS 00777 - PLTFS 00781) | |
| DX-34 | Honda Financial Services Account Notes of Excelia Philbert (PLTFS 00030 - PLTFS 00225; PLTFS 00816 - PLTFS 00825) | |
| DX-35 | Honda Financial Services Account Notes of Mahmoud Jones (PLTFS 00226 - PLTFS 00362; PLTFS 00859 - PLTFS 00862) | |
| DX-36 | Honda Financial Services Account Notes of David Smith (PLTFS 000363 - PLTFS 00420; PLTFS 00814 - PLTFS 00815) | |
| DX-37 | Honda Financial Services Account Notes of Geraldy Moronta Vasquez (PLTFS 000421 - PLTFS 00483; PLTFS 00826 - PLTFS 00830) | |
| DX-38 | Honda Financial Services Account Notes for Amanda M. Salgado (PLTFS 00782 - PLTFS 00786) | |
| DX-39 | Honda Financial Services Account Notes for Ashikur Khan (PLTFS 00787 - PLTFS 00813) | |
| DX-40 | Honda Financial Services Account Notes for Norma Rodriguez (PLTFS 00863 - PLTFS 00868) | |
| DX-41 | Honda Financial Services Account Notes for Stephen J Beatty (PLTFS 00869 - PLTFS 00879) | |
| DX-42 | Plaintiff's Responses and Objections to Defendant City Of New Yorks's First Set of Interrogatories | Cullen Decl. Ex. A (Dkt. 64-1) |
| DX-43 | September 28, 2026 Opinion and Order | |

| Exhibit No. | Description | Source / ECF No. |
|---|---|---|
| DX-44 | Expert Report of Paul Fallati | |

Defendant reserves the right to offer any exhibit listed by Plaintiffs and to use additional documents for impeachment or rebuttal.

**14. Less Than Unanimous Verdict.**

Not applicable. The Court has ordered a bench trial on the remaining claims and damages.

**15. Motions in Limine.**

None.

**16. Pretrial Submissions.**

Defendant confirms that it has submitted all pretrial submissions and courtesy copies required herein.

Dated: October 13, 2026
New York, New York

**NORRIS McLAUGHLIN, P.A.**

By: ___________________________
Nicholas A. Duston, Esq.
Kevin J. Hale, Esq.
Benjamin D. Schwartz, Esq.
7 Times Square, 21st Floor
New York, NY 10036
(212) 808-0700
naduston@norris-law.com
Attorneys for Plaintiffs

**STEVEN BANKS**
Corporation Counsel of the City of New York

By: /s/ Samantha Schonfeld
Samantha Schonfeld
Genan Zilkha
Assistant Corporation Counsels
100 Church Street
New York, NY 10007
(212) 356-2183
sschonfe@law.nyc.gov
gzilkha@law.nyc.gov
Attorneys for Defendant1

**SO ORDERED.**

_________________________________
Hon. Jennifer L. Rochon, U.S.D.J.